IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

James Roosevelt McCray,                    )
                                           )
                              Plaintiff,   )
                                           )     Civil Action No. 8:23-cv-6847-BHH
            v.                             )
                                           )     **<u>ORDER</u>**
Bryan P. Stirling, Hingleton, Joel         )
Anderson,                                  )
                                           )
                             Defendants.   )
_____            )

Plaintiff James Roosevelt McCray ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(B), and the Local Rules, D.S.C., this matter was referred to a United States Magistrate Judge for consideration.

Now before the Court is the motion for summary judgment filed by Defendants Bryan P. Stirling, Hingleton, and Joel Anderson (collectively, "Defendants"). (ECF No. 74.) Plaintiff filed multiple responses to Defendants' motion, (ECF Nos. 78, 79, 83, 84), and Defendants filed a reply. (ECF No. 87.) Also before the Court is Plaintiff's motion for declaratory judgment. (ECF No. 77.) Defendants filed a response in opposition to Plaintiff's motion. (ECF No. 81.)

On October 9, 2024, United States Magistrate Judge William Brown issued a Report and Recommendation ("Report"), recommending that Defendants' motion for summary judgment be granted and that Plaintiff's motion for declaratory judgment be deemed moot. (ECF No. 95.) First, the Magistrate Judge explained that Defendants are entitled to summary judgment on Plaintiff's claims against them in their official capacities

based on Eleventh Amendment Immunity. (*Id.* at 4-5.) Next, the Magistrate Judge reviewed the evidence submitted by the parties and determined that Plaintiff failed to exhaust his deliberate indifference to his medical needs claim because he never filed a grievance. (*Id.* at 7.) Similarly, the Magistrate Judge determined that Plaintiff failed to exhaust his excessive force claim because he failed to file a step two grievance, as required by South Carolina Department of Corrections' inmate grievance policy. *(Id.)* However, because Plaintiff argued that he was prevented from doing so through no fault of his own, the Magistrate Judge addressed the merits of Plaintiff's excessive force claim against Defendants. (*Id.*) As to Defendant Hingleton, the Magistrate Judge found no evidence that any person by this name was involved in the incident in question or otherwise used excessive force against Plaintiff. (*Id.* at 8-9.) As to the remaining Defendants (Stirling and Anderson), the Magistrate Judge outlined Plaintiff's burden to establish supervisory liability, as set forth in *Shaw v. Stroud*,[1] and concluded that Plaintiff "failed to show any constitutional injury." (*Id.* at 10-11.) Lastly, given these findings, the Magistrate Judge determined that Defendants were entitled to qualified immunity. (*Id.* at 11-12.) Ultimately, the Magistrate Judge recommended that this Court grant Defendants' motion for summary judgment.

Plaintiff filed objections to the Report, (ECF No. 101), and Defendants filed a short reply to Plaintiff's objections. (ECF No. 103.) Thus, this matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final

---

[1] 13 F.3d 791 (4th Cir. 1999).

determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court also may "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Here, the Magistrate Judge's Report sets forth in detail the relevant facts and standards of law, and because no party objects to these portions of the Report, the Court incorporates the facts and standards without additional recitation.

Plaintiff's objections consist of three short paragraphs. (ECF No. 101.) First, Plaintiff claims that "'Brian Rowe' never g[a]ve [him] any detail about the investigation" of his step one grievance, which he states is why his grievance was not exhausted. *Id.* Notably, as set forth above, the Magistrate Judge already considered Plaintiff's excuse for not exhausting his administrative remedies and considered the merits of Plaintiff's excessive force claim. (*See* ECF No. 95 at 7-11.) Thus, Plaintiff's objection is insufficient to warrant *de novo* review. Nevertheless, under either a *de novo* or clear error standard of review, the Court finds the Magistrate Judge's analysis of this issue thorough and

correct, and the Court agrees with the Magistrate Judge that Plaintiff's excessive force claim against Defendants is subject to dismissal for the reasons set forth in the Report.

Next, Plaintiff claims that "protocol wasn[']t follow[ed]" because there is no documentation of the "excessive force [that] was use[d] on [him] on date 10/24/22." (*Id.*) A review of the Report, however, reveals that the Magistrate Judge determined that Plaintiff's allegation of SCDC's failure to follow its protocol and policies, without more, fails to support a constitutional violation. (*See* ECF No. 95 at 11 n.11.) Plaintiff does not object to the Report's reasoning in support of this conclusion. Thus, Plaintiff's objection is insufficient to warrant *de novo* review, and the Court find no clear error in the Magistrate Judge's finding that this allegation does not support a constitutional violation.

Lastly, Plaintiff states that Bryan P. Stirling, the agency director, knew about the excessive force but avoided his "concern and safety." (ECF No. 101 at 1-2.) Again, a review of the Report reveals that the Magistrate Judge considered Plaintiff's claim that Stirling put his "safety in harm" but determined that Plaintiff "failed to show any constitutional injury" and, thus, failed to "establish an affirmative causal link between any constitutional injury and any action or inaction by Stirling." (ECF No. 95 at 10-11.) Here again, Plaintiff does not specifically object to these findings by the Magistrate Judge. Accordingly, this objection is insufficient to warrant *de novo* review, and the Court find no clear error in the Magistrate Judge's findings on Plaintiff's claim for supervisory liability.

## CONCLUSION

For the foregoing reasons, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 95); **overrules** Plaintiff's objections (ECF No. 101); **grants** Defendants' motion for summary judgment (ECF No. 74); and finds moot Plaintiff's

motion for declaratory judgment. (ECF No. 77). Accordingly, this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

January 16, 2025
Charleston, South Carolina